IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MARIAH LEE COLLIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 3:08-0400 |
| | ) | Judge Trauger |
| AUSTIN PEAY STATE UNIVERSITY, *et al.*, | ) | Magistrate Judge Knowles |
| | ) | |
| Defendants. | ) | |

### **MEMORANDUM and ORDER**

On February 20, 2009, the Magistrate Judge issued two Reports and Recommendations (Docket Nos. 86, 87), to which the plaintiff filed timely Objections (Docket No. 89), to which various defendants responded (Docket Nos. 91-93), after which the plaintiff filed a "Continuation Motion of Objection to the Recommendation Report of the Court" (Docket No. 94). The Reports and Recommendations relate to dispositive matters. Therefore, pursuant to Rule 72(b), FED. R. CIV. P., and 28 U.S.C. § 636(b)(1)(C), this court must review *de novo* any portion of the Reports and Recommendations to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 6th Cir. 1993).

The primary Report and Recommendation, which runs some 25 pages, (Docket No. 86) meticulously analyzes the claims made by the plaintiff in her Amended Complaint and gives the grounds for the dismissal of all claims against all defendants. Instead of specifically objecting to rulings recommended by the Magistrate Judge in this Report and Recommendation, the plaintiff's objections constitute a "general objection to the entirety of the Magistrate's Report," which has "the same effect as would a failure to object." *Howard v. Sec'y of Health and Human*

1

*Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). In addition, in her initial objection document, the plaintiff attempts to characterize her claims in new ways, alleging causes of action that were not alleged in either the Complaint or the Amended Complaint. For example, she alleges that she has been the victim of a "hate crime"[1] and alleges violations of federal privacy laws (Docket No. 89 at 2) and federal criminal statutes (*Id.*, at 3,8). In addition, she seeks to invoke, for the first time, this court's diversity jurisdiction (*Id.* at 6)

After receiving the three responses to her objections, the plaintiff filed a document entitled "Continuation Motion of Objection to the Recommendation Report of the Court" (Docket No. 94), alleging even more additional causes of action. She alleges a violation of the Universal Declaration of Human Rights (Docket No. 94 at 1, 6) and a violation of 47 U.S.C. § 151, relating to the activation of the Emergency Alert System (*Id.* at 2). In addition, she alleges a criminal conspiracy between defendants Clarksville Police Department and Austin Peay State University. (*Id.* at 4)

An over-arching objection of the plaintiff made in both of her documents is the assertion that she made no threat that justified the actions of the defendants. (*See* Docket No. 89 at 4; Docket No. 94 at 3) This objection is misplaced, in that the Magistrate Judge's recommendation does not turn upon whether or not the plaintiff's comments to the *Leaf Chronicle*, in fact, were threats. Instead, the Magistrate Judge analyzed whether or not her comments were "protected speech," which they must be in order for a cause of action for First Amendment retaliation to

---

[1] Ms. Collier states: "I wonder if this court can just find one reason to end hate crimes of the media and the State of Tennessee by sending a clear message that hate crimes are not going to be permitted in this federal courts jurisdiction. . . . As long as this court fails to provide the constitutional protection by ordering a retraction and explanation to the retraction where the community understand that Mariah Collier did not make a threat and is not a threat to the school it encourages mob violence such as the KKK." (Docket No. 89 at 7)

arise. The Magistrate Judge observed that, if the plaintiff's comments were threats, they would not be protected speech. But he went on to find that, even if her statements were not threats, in order to be protected speech upon which a retaliation claim may depend, they must relate to a "matter of public concern." (Docket No. 86 at 18-19) The plaintiff herself states in the Amended Complaint: "I called the Clarksville Leaf Chronicle and expressed my concern about Virginia Tech and how Austin Peay had handled my case." (Docket No. 3 at 5) The Magistrate Judge accurately characterized the plaintiff's comments as pertaining "primarily to matters of a personal interest" (Docket No. 86 at 19) and, therefore, constituted unprotected speech. The determination of whether or not the plaintiff had adequately alleged a First Amendment retaliation cause of action did not turn upon whether or not her comments constituted threats.

Having reviewed the objections made by the plaintiff in her two filings, the court finds them without merit and hereby **OVERRULES** them. The Reports and Recommendations (Docket Nos. 86, 87) are **ACCEPTED** and made the findings of fact and conclusions of law of this court. For the reasons expressed therein and herein, the State Defendants' Motion to Dismiss (Docket No. 50) is **GRANTED**. In addition, all other federal and state claims lodged by the plaintiff against the remaining defendants in the Amended Complaint are **DISMISSED**. As recommended by Report and Recommendation (Docket No. 87), the following motions are **DENIED AS MOOT**:

1. Motion to Dismiss Richard Jackson in His Individual Capacity (Docket No. 52);

2. Motion to Dismiss filed by the Clarksville Police Department and the City of Clarksville (Docket No. 59);

3. Motion to Dismiss on Behalf of the Associated Press (Docket No. 65);

4. Motion to Dismiss and Motion For Summary Judgment On Behalf of

    Gannett, *The Tennessean*, *The Leaf Chronicle*, *All State*, and Christian
    Bottorff (Docket No. 69);

5.  Request for Default Judgement (Docket No. 62);

6.  "Request For Injunctive Relief Against The All State & Objection to Request For Dismissal and Summary Judgment of All Defendants" (Docket No. 76); and

7.  "Request For Appointed Counsel and Request For Assistance On Summons and Complaint Bad Service Issues" (Docket No. 78).

Because the plaintiff's two objection filings can be construed as motions to amend to allege additional causes of action, this case is **REFERRED** back to the Magistrate Judge for further handling under the original referral Order.

It is so **ORDERED.**

Enter this 26th day of March 2009.

                     ALETA A. TRAUGER
                     U.S. District Judge

4

Case 3:08-cv-00400 Document 95 Filed 03/26/09 Page 4 of 4 PageID #: 603